**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ALAN GUNNER LINDBLOOM,

                Petitioner,               Case Number: 2:07-11147

v.                                    HON. VICTORIA A. ROBERTS

T. BELL,

                Respondent.
_____/

## OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS AND (2) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY

Petitioner Alan Gunner Lindbloom, a state inmate currently incarcerated at the Carson City Correctional Facility in Carson City, Michigan, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his 2004 conviction for extortion. For the reasons set forth below, the Court denies the petition.

**I.**

Petitioner pleaded no contest in Oakland County Circuit Court to one count of extortion. Petitioner's plea was based upon a *Cobbs* evaluation[1] that he would receive a sentence in the bottom half of the sentencing guidelines and that the sentenced would run concurrently with a sentence imposed in a Macomb County case.

On June 2, 2004, Petitioner was sentenced as a fourth habitual offender to 13 to 50 years' imprisonment. On May 5, 2005, Petitioner filed a motion to withdraw his plea on the grounds

---

[1] *People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993), permits a defendant to enter a guilty plea in reliance on the trial court's initial evaluation as to the appropriate sentence, subject to the defendant's right to withdraw his plea if the sentence actually imposed exceeds the preliminary evaluation.

that counsel's ineffectiveness rendered his plea involuntary and because his counsel incorrectly advised him as to the terms of the plea agreement. The trial court denied the motion.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claims:

> I. The trial court abused its discretion in denying defendant's motion to withdraw the no contest plea, where defendant's plea was rendered involuntary due to ineffectiveness of counsel and reversal is required.
>
> II. The trial court abused its discretion in scoring offense variables one, four, seven, nine, and ten without factual basis on the record, resulting in an inaccurate guidelines range and resentencing is required.

The Michigan Court of Appeals denied leave to appeal. *People v. Lindbloom*, No. 263224 (Mich. Ct. App. Aug. 8, 2005).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Lindbloom*, No. 129600 (Mich. Dec. 27, 2005).

Petitioner then filed the pending petition for a writ of habeas corpus, raising the same claims raised on direct review in state court.

## II.

Section 2254(d) of Title 28 U.S.C., imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410-11.

Where a claim is fairly presented in state court, but the state court, although denying the claim, fails to address it, a federal court on habeas review must conduct an independent review of the state court's decision. *Harris v. Stovall*, 212 F.3d 940 (6th Cir. 2000). This independent review requires the federal court to "review the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented." Id. at 943. However, the independent review "is not a full, *de novo* review of the claims, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA." *Id.*

**III.**

**A.**

Petitioner argues that he is entitled to habeas relief because he received ineffective assistance of counsel rendering his plea involuntary and unknowing. Specifically, Petitioner argues that his attorney failed to advise him of the potential defense of duress.

The guilty plea is a "grave and solemn act to be accepted only with care and discernment." *Brady v. U.S.*, 397 U.S. 742, 748 (1970). A valid plea must be voluntarily and intelligently made. *Id.* at 747-748. The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748. The voluntariness of a plea "can be determined only by considering all the relevant circumstances surrounding it." *Id.* at 749.

"Central to the plea and the foundation for entering judgment against the defendant is the defendant's admission in open court that he committed the acts charged in the indictment." *Id.* at 748. Once a petitioner admits "in open court that his guilty plea is voluntary [he] 'may not ordinarily' repudiate his statements to the sentencing judge." *U.S. v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (quoting *Fontaine v. U.S.*, 411 U.S. 213, 215 (1973)).

The Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668, 687 (1984) established a two-prong test for determining ineffective assistance of counsel. A petitioner must show (1) that defense counsel was deficient, and (2) that counsel's deficiency prejudiced the defense. *Id.* Establishing that defense counsel was deficient "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that '[t]he proper measure of attorney

performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Strickland*, 466 U.S. at 688; additional internal quotations omitted). However, when assessing counsel's performance, the reviewing court should afford counsel great deference. *Strickland*, 466 U.S. at 689 (observing that "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time" and that a convicted person who seeks to criticize his attorney's performance "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy'"). Second, a petitioner may satisfy the second, prejudice, prong by "showing that counsel's errors were so serious as to deprive the defendant of a fair trial." *Id.*

The two-part *Strickland* test applies to claims of ineffective assistance of counsel based upon counsel's conduct prior to the entry of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). In the context of guilty pleas, the first half of the *Strickland v. Washington* test is the same standard set forth above. *Id.* The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.*

The last state Court to issue a reasoned opinion addressing this claim, the trial court, denied this claim in a summary fashion. Where a claim is fairly presented in state court, but the state court, although denying the claim, fails to address it, a federal court on habeas review must

conduct an independent review of the state court's decision. *Harris v. Stovall*, 212 F.3d 940 (6th Cir. 2000). This independent review requires the federal court to "review the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id.* at 943. However, the independent review "is not a full, *de novo* review of the claims, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA." *Id.*

Petitioner contends that his plea was not voluntarily and intelligently made because he was not informed that duress was a possible defense to the charge of extortion. In the context of a guilty plea case, "where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." *Hill*, 474 U.S. at 59.

In Michigan, duress is a common-law affirmative defense that arises in situations where the crime committed avoids a greater harm. *Dando v. Yukins*, 461 F.3d 791, 803 (6th Cir. 2006), (*citing People v. Lemons*, 454 Mich. 234, 562 N.W.2d 447, 453 (1997)). The defendant bears the burden to produce some evidence from which the jury could conclude that each of the following elements are present:

> A) The threatening conduct was sufficient to create in the mind of a reasonable person the fear of death or serious bodily harm;
>
> B) The conduct in fact caused such fear of death or serious bodily harm in the mind of the defendant;
>
> C) The fear or duress was operating upon the mind of the defendant at the time of the alleged act; and

D) The defendant committed the act to avoid the threatened harm.

*Lemons*, 562 N.W.2d at 453 (internal quotation omitted). Moreover, the threatening conduct must be "'present, imminent, and impending'"; "'threat of future injury is not enough'"; and "'the threat must have arisen without the negligence or fault of the person who insists upon it as a defense.'" *Id.* at 454 (*quoting People v. Merhige*, 212 Mich. 601, 180 N.W. 418, 422 (1920)). A defendant may forfeit a duress defense when he fails to use a reasonable opportunity to escape if it would not unduly expose him to death or serious bodily injury. *Id.* at n. 18.

According to Petitioner's own statement at sentencing, at the time he threatened the victim, he was not being threatened. He had been threatened earlier in the day by someone to whom he owed a large sum of money for a drug-related debt. However, at the time he threatened the victim, he was not in the presence of anyone else. Petitioner also admitted that, before he took the victim's wallet and other possessions, he passed several police stations which he could have entered to report that he had been threatened. Moreover, Petitioner could not establish that the threat arose without his negligence or fault given that he incurred a debt for the purchase of illegal drugs, which he was unable to pay. *See People v. Humber*, 2000 WL 33389723, *1 (Mich. Ct. App. Dec. 26, 2000) (rejecting duress defense where defendant chose to smoke crack cocaine, knowing that she was unable to pay for it); *People v. Robinson*, 2000 WL 33405363, *3 (Mich. Ct. App. October 24, 2000) (rejecting duress defense where duress resulted from defendant's own conduct in purchasing illegal drugs). Based upon these factors, the Court concludes that Petitioner fails to show the defense of duress had any likelihood of success at trial. Therefore, even assuming that his attorney failed to explore or advise him of this defense, he has not shown that he suffered any prejudice.

Petitioner also claims that his plea was involuntary because he was incorrectly advised that he would receive a minimum sentence in the bottom half of the sentencing guidelines. At the plea hearing, it was estimated that his guideline range would be 72 to 240 months. However, at sentencing, the presentence report recommended a minimum guideline range of 117 to 320 months. Petitioner argues that, based upon the change in his guideline range, his plea was involuntary. However, as the sentencing judge noted in denying Petitioner's motion to withdraw his plea, although the sentencing guideline range increased by the time of sentencing, the judge nevertheless sentenced Petitioner in the bottom half of the original guideline range. Therefore, Petitioner was sentenced in accordance with the plea agreement and his plea was not involuntary.

**B.**

Second, Petitioner argues that habeas relief is warranted because certain offense variables were incorrectly scored and because the trial court increased his sentence based upon facts not determined by the jury or admitted by Petitioner in violation of the Sixth Amendment and Fourteenth Amendment.

With regard to Petitioner's claim that certain offense variables were incorrectly scored, it is well-established that "'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (*quoting Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Petitioner's argument that the state court erred in scoring his sentencing guidelines is based solely on the state court's interpretation of state law. It does not implicate any federal rights. *See Bradshaw v. Richey*, 546 U.S. 74, 76, 126 S. Ct. 602, 604 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged

conviction, binds a federal court sitting on habeas review."); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("[S]tate courts are the ultimate expositors of state law."). A claim that a trial court mis-scored offense variables is not cognizable on habeas corpus review. *See Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

Petitioner also argues that the trial court violated *Blakely v. Washington*, 543 U.S. 296 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000) in sentencing him based upon facts not admitted by him or submitted to a jury.

In *Apprendi,* the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Michigan has an indeterminate sentencing system for most crimes, including extortion. The maximum term of imprisonment is set by law. Mich. Comp. Laws § 769.8(1); *see also People v. Drohan*, 475 Mich. 140, 160-61 (2006). In *Blakely*, 542 U.S. 296 (2004), the Supreme Court addressed indeterminate sentencing systems and held that such systems do not violate the Sixth Amendment. The Court explained:

> [The Sixth Amendment] limits judicial power only to the extent that the claimed judicial power infringes on the province of the jury. Indeterminate sentencing does not do so. It increases judicial discretion, to be sure, but not at the expense of the jury's traditional function of finding the facts essential to lawful imposition of the penalty. Of course indeterminate schemes involve judicial factfinding, in that a judge (like a parole board) may implicitly rule on those facts he deems important to the exercise of his sentencing discretion. But the facts do not pertain to whether the defendant has a legal right to a lesser sentence-and that makes all the difference insofar as judicial impingement upon the traditional role of the jury is concerned. In a system that says the judge may punish burglary with 10 to 40 years, every burglar knows he is risking 40 years in jail. In a system that punishes burglary with a 10-year sentence, with another 30 added for use of a gun, the

9

burglar who enters a home unarmed is entitled to no more than a 10-year sentence-and by reason of the Sixth Amendment the facts bearing upon that entitlement must be found by a jury.

*Id.* at 308-09.

Judicial factfinding may not be used to impose a sentence "beyond the prescribed statutory maximum." *Apprendi*, 530 U.S. at 490. In this case, the sentencing court did not exceed the statutory maximum for Petitioner's crime. Therefore, the sentencing scheme did not run afoul of the Sixth Amendment. Because *Blakely* does not apply to indeterminate sentencing schemes like the one utilized in Michigan, the trial court's sentence did not violate Petitioner's constitutional rights. *See Tironi v. Birkett*, No. 06-1557, 2007 WL 3226198, * 1 (6th Cir. Oct. 26, 2007). ("*Blakely* does not apply to Michigan's indeterminate sentencing scheme."). *Minner v. Vasbinder*, 2007 WL 1469419, * 4 (E.D. Mich. May 21, 2007); *Chatman v. Lafler*, 2007 WL 1308677, *2 (E.D. Mich. May 3, 2007); *Jones v. Bergh*, 2006 WL 1007602, *1-2 (E.D. Mich. April 17, 2006); *George v. Burt*, 2006 WL 156396, *5 (E.D. Mich. Jan. 20, 2006); *Walton v. McKee*, 2005 WL 1343060, *3 (E.D. Mich. June 1, 2005). Habeas relief, therefore, is denied.

## IV.

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). In denying the habeas petition, the Court has carefully reviewed the petition, the state court record, and the relevant law, and concludes that it is presently in the best position to decide whether to issue a COA. *See id.* at 901, (*quoting Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir.1997)), overruled in part on other grounds by *Lindh*

*v. Murphy*, 521 U.S. 320 (1997)) ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition does not present a claim upon which habeas relief may be warranted. Therefore, the Court denies a certificate of appealability.

## V.

Petitioner has not established that he is in the State of Michigan's custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**


S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: November 10, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record and Alan Gunner Lindbloom by electronic means or U.S. Mail on November 10, 2008.

s/Carol A. Pinegar
Deputy Clerk