**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ALAN GUNNER LINDBLOOM,

        Petitioner,        Case Number: 07-CV-11147

v.        HON. VICTORIA A. ROBERTS

T. BELL,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION
AND SUPPLEMENTAL AND AMENDED MOTION FOR RECONSIDERATION**

Petitioner Alan Gunner Lindbloom filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for extortion. On November 10, 2008, the Court issued an Opinion and Order Denying Petition for Writ of Habeas Corpus and Declining to Issue Certificate of Appealability. Petitioner filed a Motion for Reconsideration and a Supplemental and Amended Motion for Reconsideration.

In his Supplemental and Amended Motion for Reconsideration, Petitioner asks the Court to "discard previous filing with sworn affidavit" and instead consider his Supplemental and Amended Motion for Reconsideration. *See* Supplemental Motion at 2. The Court will allow Petitioner to substitute his Supplemental and Amended Motion for the original Motion for Reconsideration and will deny the original motion as moot.

The Local Rules for the Eastern District of Michigan state that in a motion for reconsideration "the movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different a disposition of the case." L.R. 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear,

unmistakable, manifest or plain.  Marketing Displays, Inc. v. Traffix Devices, Inc., 971 F. Supp. 262, 278 (E.D. Mich. 1997), *citing* Webster's New World Dictionary 974 (3rd Ed. 1988). Further, the Local Rules also provide that any "motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication," shall not be granted.  L.R. 7.1(g)(3).

     Petitioner seeks reconsideration of his petition on the ground that Respondent failed to serve Petitioner with a copy of his answer to the habeas corpus petition and failed to notify Petitioner of the filing of the Rule 5 materials.  The certificate of service filed by Respondent along with his answer to the petition indicates that the answer was served upon Petitioner at the correct institutional address.  Similarly, the Rule 5 materials are accompanied by a notice sent to Petitioner at the correct institutional address informing Petitioner that the Rule 5 materials had been filed.  Even assuming that Petitioner was not properly served with the answer or notice of filing of Rule 5 materials, the Court, nevertheless, finds that reconsideration is not warranted. Petitioner provides no argument to support a finding that the Court's decision denying his petition was based upon a palpable defect.  Because Petitioner fails to provide *any* argument from which the Court could conclude that a reply brief would have resulted in a different disposition of the petition, the Court finds that reconsideration is not warranted.

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Reconsideration [dkt. # 12] is **DENIED AS MOOT** and Petitioner's Supplemental and Amended Motion for Reconsideration [dkt. # 16] is **DENIED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  January 14, 2009

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record and Alan Gunner Lindbloom by electronic means or U.S. Mail on January 14, 2009.<br><br>s/Carol A. Pinegar<br>Deputy Clerk |